JOHN HALNON v. WILLIAM HALNON.

*Award Under Seal.*

1. An award under seal is a specialty within the meaning of the Statute of Limitations; and this is so though the submission was by parol.
2. R. L. ss. 956, 959, Statute of Limitations, construed.

DEBT on an award. Pleas, general issue and Statute of Limitations. Demurrer to the plea of said statute. Heard, June Term, 1882, TAFT, J., presiding. Demurrer overruled.

*Stewart & Wilds*, for the plaintiff.

The award was a specialty within the meaning of R. L. s. 956. Angell Lim. p. 90; *Smith* v. *Lockwood*, 7 Wend. 241; *Hodgen* v. *Harrindge*, 2 Saund. 187; *Pease* v. *Howard*, 14 Johns. 480; Freeman Judg. 32; *Smith* v. *Johnson*, 15 East, 213; 12 N. Y. 9.

*Hard & Safford*, for the defendant.

As is well known, a specialty is a writing, sealed and delivered, containing some agreement. And it is equally familiar law that to authorize an agent to execute a specialty his authority must be conferred by an instrument under seal. It not being alleged in the declaration that the submission was a sealed one, it is plain that the award is not a *specialty* within the true and legal sense of that term.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of debt on an award under seal. The award was made on the 13th of March, 1874; and the amount awarded to be paid the plaintiff was, by said award,

21

ordered to be paid within four months from its date. The writ in this case was dated the 25th day of May, 1881, more than six, and less than eight, years after the time had elapsed within which the sum awarded was ordered to be paid. The defendant pleaded the general issue and Statute of Limitations; and the case was heard upon the plaintiff's demurrer to the plea of the Statute of Limitations. Section 959, R. L., provides that actions of debt founded upon a contract, obligation or liability, not under seal, shall be commenced within six years after the cause of action accrues, and not after; and s. 956, that actions of debt on specialties shall be commenced within eight years after the cause of action accrues, and not after. The question presented is, which of the periods of limitations named in said sections is applicable ? If the award declared on is to be treated as a debt founded upon a contract, obligation or liability, not under seal, it was barred under s. 959; if it is to be regarded as a specialty, suit to enforce it might be brought under s. 956 within eight years after the cause of action accrued, and it is not barred.

An award is the judgment of the arbitrator upon the matters submitted. It is competent for the parties to the submission to stipulate how the award shall be made, whether it shall be a parol award or be sealed; and the submission may be by parol or by an instrument under seal. It is the duty of the arbitrator to follow the submission, and if that requires that the award to be made should be sealed, it should be so executed. It is alleged in the declaration that in making the submission it was agreed that the award to be made should be in writing and under the hand and seal of the arbitrator, so that the arbitrator was acting within the submission in so making his award.

Was the award thus made a specialty ? It is claimed that to give validity to the award as a specialty, it was necessary that the authority to so make it should have been conferred by an instrument under seal. We do not think that was necessary. The defendant cannot question the authority of the arbitrator while he was acting in conformity to the submission. The authority could be conferred as well by parol as by a specialty. A specialty has always been defined and understood to be a writing under the

hand and seal of a party ; the award declared upon comes within that definition.

The court erred in overruling the demurrer, and the demurrer is sustained, plea adjudged insufficient and cause remanded.