Peelle, J.,
delivered the opinion of the court.
The question involved in this case arises on the defendants’ demurrer to the petition.
The petition is as follows:
“1. That he is the original and sole owner of the claim herein stated, no part of which has ever been transferred or discharged.
“2. That prior to the 25th day of August, 1884, he was an attorney, practicing before the Treasury Department, duly admitted to and borne on the roll of the attorneys before that Department under the provisions of the statute then in force.
u3. That on or about the date above named there was delivered to him, as attorney of record in the case and by order or regulation of the Secretary of the Treasury, a Treasury draft drawn to the order of John M. Scott, a client of the petitioner’s, on War warrant No. 4989, the said draft being *418 numbered F 3G875, and dated August 25,1884, and being in payment of a claim against tbe United States in favor of said payee, successfully prosecuted by tbe petitioner.
“4. That on or about August 11, 1893, the petitioner returned said draft to tbe Secretary of tbe Treasury, stating' that be bad been unable to ñnd bis said client, who bad left bis former residence, and tbe petitioner requested tbe said Secretary to allow and pay him a proper attorney’s fee out of the proceeds of said claim and to retain tbe balance in tbe Treasury subject to tbe demand of whomsoever might be hereafter entitled to receive tbe same.
“ 5. That the Secretary aforesaid, upon ascertaining that tbe amount appropriated by and for said draft still remained in tbe Treasury, and moved thereto by the reports of the Second Comptroller and the Solicitor of the Treasury upon the case, directed tbe payment from the Treasury to this petitioner of tbe sum of $45, in full discharge and satisfaction of his claim, as attorney of record, upon tbe fund aforesaid.
“G. That tbe petitioner has applied for said amount, but is unable to obtain thesame, because the First Comptroller refuses to countersign a warrant to tbe Treasurer for such payment.
“ 7. Wherefore tbe petitioner pi-ays judgment in the sum of |45 aforesaid.”
Tbe defendants demurred, on tbe ground “that tbe petition does not allege facts sufficient to constitute a cause of action.”
The claimant prosecutes tbe action on tbe theory that the Secretary of tbe Treasury made an award in bis favor out of a particular fund, upon which be predicates bis right to recover.
The fifth paragraph of the petition sets forth the material averments concerning the alleged award, and for the purpose of the demurrer the facts averred are admitted to be true.
Conceding, as contended by the claimant, that the direction of the Secretary of tbe Treasury to pay him out of a particular fund tbe sum of $45 in full discharge of his claim was sufficient action on his part to constitute an award, it does not follow that the Secretary was authorized by law to make such an award.
On the contrary, we are unable to find any law conferring such authority. True, as was said in the Ravesies Case (21 C. Cls. R., 243, 247), “ there are some.cases in which Congress had intrusted to the head of a Department or other officer the authority to pass upon the claims of parties before they have any legal standiug elsewhere. Boughten’s Case (12 C. Cls. R., 233); Real Estate Savings Bank Case (16 id., 335), affirmed on *419 appeal (104 U. S. R., 728); Sybrandts Case (19 C. Cls. R., 461); Ramsay’s Case (14 id., 307).”
But tbis case does not come within that class of cases. The petition does not aver under what act of Congress the claimant prosecuted the claim in favor of his client; nor has the claimant cited us to any statute or other law which authorizes the Secretary of the Treasury to make awards or allowances to attorneys for such services, and we are aware of none; nor are we aware of any statute which gives the claimaut a lien on the fund in .the Treasury for his fees. This question was involved in the Pennebaker Case (ante, p. 35), and decided adversely to the claimant’s contention.
There being no law authorizing the Secretary of the Treasury to make awards or allowances in such cases, we need not stop to inquire whether the direction of the Secretary of the Treasury to pay the claimant $45 out of the fund covered into the Treasury was sufficient action on his part to constitute an award or an allowance upon which a cause of action could be predicated. Awards by officers do not depend upon the consent of those interested, though that may be required, but upon some statute giving them authority to act.
An award in law has a well-defined meaning. It is the judgment of arbitrators chosen by the parties interested to settle a controversy. The arbitrators become the agents of both parties, and when .the power to arbitrate is not derived from statute, it is derived from the submission of the controversy by the mutual consent of the parties interested.
But such awards or allowances can not be made by the officers of the Government unless authorized by statute so to do, as in the case of the refund of internal-revenue taxes under Revised Statutes, sections 3220, etc.; and in such cases the Government and the party who pays the tax are the only parties interested; but in the case at bar not only the claimant and the defendants, but the claimant’s client, are interested, and the latter is not a party to the action nor was he a party to the award, although the debtor.
The petition avers that there was delivered to the claimant, about August 25, 1884, a Treasury draft drawn to the order of Scott, a client of the claimant, in payment of a claim in his favor against the United States; and that about August 11, 1893, the claimant had returned the draft to the Secretary of' *420 tlie Treasury because be bad been unable to find bis client. Tbe services rendered by tbe claimant were, of course, for bis client, and, with tbe draft in bis possession payable to bis client’s order, be was, of course, looking to bim for payment for bis services. Tbe voluntary return of tbe draft, though commendable, did not change or shift tbe liability, but merely placed tbe parties where they were before tbe draft was delivered to tbe claimant. There was no privity between tbe claimant and tbe United States growing out of tbe prosecution of the claim, and none was created by the return of tbe draft, nor have tbe defendants made themselves liable in any way for tbe debt of claimant’s client, so that there is no liability against tbe defendants.
Tbe claim ax>pears to be a meritorious one, but can not be enforced against tbe defendants, and tbe demurrer must be sustained; which is accordingly done, with leave to the claimant to amend bis xietition, if be so elects, at any time during this term of court.
Nott, J., did not sit in tbe trial of this case and took no part in tbe decision.