## WARD v. BEATRICE CREAMERY CO.

No. 16749—Opinion Filed Nov. 24, 1925.

Rehearing Denied April 6, 1926.

**Master and Servant—Workmen's Compensation Law—Review of Awards—Time for Proceedings.**

Section 7297, Comp. Stat. 1921, provides the procedure for reviewing the awards or decision made by the State Industrial Commission, by requiring the aggrieved party to commence action in the Supreme Court within 30 days after a copy of the award or decision has been sent by the Commission to the party affected, and upon failure of the party affected to take such action within 30 days the award or decision becomes conclusive.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from State Industrial Commission.

Action by Benjamin O. Ward against the Beatrice Creamery Company to set aside a decision by the State Industrial Commission. Remanded, with instructions.

Robert W. Maupin and John A. Maupin, for plaintiff in error.

Ross & Thurman and S. J. Clay, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the Supreme Court of the state of Oklahoma by Benjamin O. Ward, plaintiff in error, against the Beatrice Creamery Company, defendant in error, to review a decision of the State Industrial Commission, denying him compensation for injury claimed to have been received while in the employ of the defendant in error. Notice of injury was filed with the State Industrial Commission on the 21st day of May, 1923. Notice of hearing was issued and served upon the defendant in error, and, on the 15th day of June, 1923, a decision was made and an order entered by the State Industrial Commission after a full hearing, denying the claim of plaintiff in error, and the cause was dismissed for want of jurisdiction. On the 26th day of November, 1924, the plaintiff in error filed his motion to set aside and vacate the order made by the Commission on the 15th day of June, 1923, upon the grounds that after the said order of the Commission,

the claimant filed a petition in the district court of Oklahoma county, seeking a recovery for the injury involved in this case. The defendant in error demurred to his petition, which was sustained by the district court, and on appeal to the Supreme Court on the 12th day of November, 1924, the Supreme Court affirmed the judgment of the district court in the case of Ward v. Beatrice Creamery Co., 104 Okla. 91, 230 Pac. 872, on the grounds that the district court had no jurisdiction, and that exclusive jurisdiction was vested in the State Industrial Commission. An objection was made by defendant in error to the motion to vacate and set aside the order made on June 15, 1923, for the reason the Commission had no jurisdiction to vacate and set aside said order; that said order was binding and irrevocable. The court overruled the objections of defendant in error and sustained the motion of plaintiff in error, and the defendant in error objected and excepted to the order of the Commission in this regard and gave notive of appeal to the Supreme Court of Oklahoma from said order, and objected to the introduction of any testimony on the ground that the Commission was without jurisdiction to try said cause. At the close of the hearing, the Commission denied the right of the plaintiff in error to any award upon the ground that he had not shown by his testimony that he had any right to recover against the defendant in error upon the ground that it was an occupational disease from which plaintiff in error was suffering and not a compensable injury within the purview of the Workmen's Compensation Law, and the cause comes to this court upon the record for a review of the decision of the State Industrial Commission.

It will be observed that the decision of the Commission on the first hearing was made on the 15th day of June, 1923, after a full hearing; that no appeal was ever taken from this order and no petition filed in this court or action commenced in this court to review said decision by the plaintiff in error; that this action for review is from the final decision of the Commission of May 5, 1925. We are of the opinion that this appeal or action to review the decision of the State Industrial Commission comes too late. If the plaintiff in error desired to have this court review the decision of the State Industrial Commission, he should have commenced his action within 30 days after June 15, 1923, when the State Industrial Commission rendered its decision, denying him the right to an award of compensation.

Under section 7297, Comp. Stat. 1921, the Legislature said:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the state to review such award or decision. Said Supreme Court shall have original jurisdiction of such action, and is authorized to prescribe rules for the commencement and trial of the same. Such action shall be commenced by filing with the clerk of the Supreme Court a certified copy of the award or decision of the Commission attached to the petition by the complainant, wherein the complainant or petitioner shall make his assignments or specifications as to wherein said award or decision is erroneous and illegal."

Section 7296, preceding, provides that the Commission, itself, may review any award made by it "ending, diminishing or increasing the compensation previously awarded," etc. There was no award made in this case in favor of the plaintiff in error for the Commission to end, diminish or increase.

In the language of section 7297, quoted above, the court said, "The award or decision shall be final and conclusive." We are, therefore, compelled to find that the failure of plaintiff in error to comply with section 7297 within 30 days from June 15, 1923, to file his action in this court by filing with the clerk of the Supreme Court a certified copy of the award, or decision, of the State Industrial Commission attached to his petition is a bar to any further action by the Commission or this court upon his claim for compensation under the Workmen's Compensation Law of this state. It is, however, urged that under section 7325, Comp. Stats. 1921, as amended by section 13, page 128, Session Laws of Oklahoma 1923, the jurisdiction of the State Industrial Commission was a continuing one. The first part of said section, above referred to, is identical with section 7325, Comp. Stats. 1921, and the only amendment contained in the Session Laws of 1923 is a proviso that follows the first part, and is relative to the continuing jurisdiction, which empowers the said Commission to effect a final settlement between the parties upon a proper petition, and in the same proviso it is said:

"The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission."

In the last above quotation, it clearly ap-

pears that the question of appeal must be determined on a petition for a final settlement between the parties, under section 7297, above quoted.

It is a canon of construction of statutes to give force and effect to each and every section of an act of the Legislature, and we are clearly of the opinion that to give effect to both sections 7297 and 7325, that section 7297 must govern in fixing the time of the right to appeal, and, as heretofore said, that the decision of the Commission, under both sections, became final and conclusive in this case upon the failure of the plaintiff in error to commence his action to review the first decision of the Commission within 30 days after the same was rendered.

The case of Tidal Refining Co. v. Tivis, 91 Okla. 189, 217 Pac. 163, sustains the above conclusion, where this court said:

"Section 7297, Comp. Stat. 1921, provides the procedure for reviewing the awards made by the State Industrial Commission, by requiring the aggrieved party to commence action in the Supreme Court within 30 days after a copy of the award has been sent by the Commission to the party affected."

We are, therefore, of the opinion that it was error in the State Industrial Commission to sustain the motion filed by the plaintiff in error to set aside and vacate its former order of June 15, 1923, and that said order was final and conclusive as to all parties, and that the cause is hereby remanded to the State Industrial Commission with instructions to deny the motion of plaintiff in error to vacate and set aside said order, and to sustain the objections of the defendant in error thereto.

By the Court: It is so ordered.

Note.—See under (1) Workmen's Compensation Acts, C. J. p. 120, § 123 (Anno).