## OKLAHOMA RY. CO. v. STATE INDUSTRIAL COM. et al.

No. 21400.   Opinion Filed Jan. 20, 1931.

Hayes, Richardson, Shartel, Gilliland & Jordan (John H. Vossbrink, of counsel), for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Hodge & Keahey, for respondents.

CULLISON, J. This is an original proceeding in this court to review an order and award of the State Industrial Commission of April 28, 1930, in favor of A. F. McAbee, claimant, and against the Oklahoma Railway Company, an Oklahoma corporation, petitioner herein.

It appears from the record that on or about March 12, 1929, claimant, McAbee, was employed as a section hand by petitioner, railway company. On June 27, 1929, McAbee filed his claim for compensation before the State Industrial Commission, alleging that on or about March 12, 1929, while lifting a rail in the course of his employment by petitioner, claimant strained his right hip and back, and that he was temporarily disabled thereby.

On July 6, 1929, a full and complete hearing on the merits of claimant's application for compensation was had before the Industrial Commission, and on July 13, 1929, after considering the evidence presented at the aforesaid hearing, the Commission made its order, whereby McAbee's claim for compensation against the petitioner was dismissed by the Commission, for the reason "claimant had failed to show by competent testimony that any accidental injury was sustained, or that any disability resulted therefrom."

Claimant thereafter failed to file petition for rehearing on said order, and no appeal was taken from said order to the Supreme Court within the 30-day period for appeal, as provided by section 7297, C. O. S. 1921, as amended by S. L. 1923, ch. 61, sec. 8.

Thereafter, and on March 22, 1930, some 8 months after the Commission entered its order dismissing the case, the claimant filed a motion with the Commission asking for reinstatement of the cause.

Over the objection and exception of petitioner to the Commission's jurisdiction to reopen the case, said Commission held a second hearing on April 24, 1930, and on April 28, 1930, entered an order and award finding claimant had sustained an accidental personal injury arising out of and in the course of his employment by petitioner, and awarding claimant compensation therefor.

To reverse said later order and award made by the Commission, petitioner comes to this court on review, and presents for our consideration one proposition, which petitioner claims is determinative of appeal, namely:

"Upon the expiration of 30 days from July 13, 1929, the date upon which the aforesaid order of dismissal was made by the Commission and a copy thereof was mailed to each of the parties affected thereby, no appeal having been perfected and no rehearing before said Commission having been requested by either party, such order became final, and said Commission thereafter had no power or authority to review and vacate the same upon respondent McAbee's application of March 22, 1930; therefore, said award of April 28, 1930, is void and should be set aside upon this appeal."

It affirmatively appears herein that the Commission at the first hearing on July 6, 1929, had jurisdiction of the parties and the subject-matter of the action. One of the questions presented and considered by the Commission at that hearing was whether or not claimant had sustained an accidental injury arising out of and in the course of his employment by petitioner; which question, under the authority of State of Oklahoma (Highway Department) and United States Fidelity & Guaranty Co., a Corporation, v. W. T. Green and State Industrial Commission of the State of Oklahoma, No. 21389, 147 Okla. 119, 294 Pac. 787, goes to the jurisdiction of the Industrial Commission to award compensation in any case prosecuted under the Workmen's Compensation Law of this state, and must be determined as a necessary condition precedent to the rendition of any award of compensation by said Commission.

After considering the evidence adduced at the hearing of July 6, 1929, the Commission found:

"That claimant had failed to show by competent testimony that any 'accidental injury was sustained, or, that any disability resulted therefrom'."

—and dismissed claimant's application for compensation.

Claimant neither appealed from that decision by the Commission to this court, as provided by section 7297, C. O. S. 1921, as amended by S. L. 1923, ch. 61, nor applied for a rehearing thereon before the State Industrial Commission, as provided for by rule 30 of the Commission.

Under this state of the record, we are of the opinion the order of the Commission of July 13, 1929, became final, conclusive, and binding upon the Industrial Commission, the claimant, and all parties to the action, and that Commission was without jurisdiction to thereafter reopen the case on March 22, 1930, and make the order and award herein complained of.

The question here under consideration was fully considered and passed upon by this court in State of Oklahoma (Highway Department) and U. S. F. & G. Co. v. W. T. Green and State Industrial Commission, supra, wherein we held:

"Under the Workmen's Compensation Law of Oklahoma a compensable accidental injury is an injury sustained by the employee 'arising out of and in the course of his employment.'

"Where, on a hearing before the State Industrial Commission, the Commission finds that 'the disability complained of by claimant is not due to an accidental injury arising out of and in the course of his employment' with claimant's employer, and claimant does not commence an action in the Supreme Court to review such award or decision within 30 days as provided by section 7297, C. O. S. 1921, held such award or decision of the Commission becomes final and conclusive between the parties. Held, further: The State Industrial Commission is without jurisdiction thereafter to reopen said cause under section 7296, C. O. S. 1921, and the Supreme Court is without jurisdiction to review the award or decision so made."

It was contended in the Green Case, supra, as it is here that the Industrial Commission had the right to reopen this case and make an award, under section 7296, C. O. S. 1921, which provides:

"Upon its own motion or upon the application of any party in interest on the ground of change in conditions, the Commission may, at any time, review any award, and, on such review may make an award ending, diminishing, or increasing the compensation

previously awarded, subject to the maximum or minimum provided in this act. * * *"

This contention is likewise answered by the Green Case, supra, wherein we said:

"This statute (referring to section 7296, supra) presupposes that at some time previous the claimant has sustained an accidental injury arising out of and in the course of his employment; an injury such as would bring the case within the provisions of the Workmen's Compensation Law, and which injury (if disability can be proven) would warrant compensation at the hands of the Industrial Commission. However, unless an injury is held to arise out of and in the course of the employment, it is not compensable under the Workmen's Compensation Act, and the Industrial Commission has no jurisdiction to make an award thereon. Lucky Kidd Mining Co. v. State Industrial Com., 110 Okla. 27, 236 Pac. 600. In view of the holding of the Commission at the original hearing in this case that 'the claimant did not sustain an accidental injury arising out of and in the course of his employment,' and that the same was noncompensable under the Workmen's Compensation Law, and under the authorities herein cited, if the claimant desired to have this court review the decision of the Commission, he should have commenced his action within 30 days after May 2, 1928, when the Commission made its order finding that claimant did not sustain an accidental injury arising out of and in the course of his employment with petitioner, and having failed to do so, this order of May 2, 1928, under section 7297, C. O. S. 1921, became final and conclusive between the parties, and the Industrial Commission was without jurisdiction thereafter to reopen the case." (Parenthetical matter ours.)

In the case at bar the necessary jurisdictional condition precedent to the right of the Commission to render an award of compensation was not established by the claimant at the first hearing on July 6, 1929; to the contrary the Commission specifically found "claimant had failed to show by competent testimony that any accidental injury was sustained, or that any disability resulted therefrom." Claimant neither appealed from that decision by the Commission to this court, as provided by section 7297, C. O. S. 1921, as amended by S. L. 1923, ch. 61, nor applied for rehearing before the Commission, as provided by rule 30 of the Commission. Under the authority of the Green Case, supra, the order of July 13, 1929. therefore became final, conclusive, and binding upon the Industrial Commission and all parties to the action, and this court is without jurisdiction to review said order.

The judgment and order of the Industrial Commission is reversed, and the cause remanded, with directions to the Industrial Commission to vacate and set aside its order and award of March 22, 1930, and to sustain the objections of the petitioners to the jurisdiction of the Commission to reopen this cause, and to enter judgment in accordance with the views herein expressed.

LESTER, C. J., and RILEY, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

CLARK, V. C. J., and HEFNER, J., dissent.

LANGLEY, J., absent.

Note.—See under (1) 28 R. C. L. p. 787; R. C. L. Perm. Supp. p. 6214; R. C. L. Continuing Perm. Supp. 1200. (2) L. R. A. 1916A, pp. 163, 266; L. R. A. 1917D, 186.