**CONCHO WASHED SAND CO. et al. v. WORTHING et al.**

No. 24716.    Oct. 31, 1933.

106

Albert D. Lynn, for petitioner.

Morrison & Shipp, for respondent Tom Worthing.

CULLISON, V. C. J. This is an original proceeding before this court by the Concho Washed Sand Company, and its insurance carrier, Federal Surety Company, to review an award of the State Industrial Commission made April 20, 1933, in favor of Tom Worthing, claimant.

The record discloses that claimant alleges an accidental injury April 13, 1926, while working as nightwatchman for his employer, by reason of something striking claimant in the eye while making his rounds in the material yard of the company. Claimant quit work three days thereafter. That claimant was given medical attention and paid compensation until his recovery on June 14, 1926. After the medical report of Dr. L. M. Westfall was filed May 6, 1926, giving his diagnosis of claimant's condition as active keratitis and serious, with the outcome in doubt, the employer filed a general denial of liability.

Thereafter, on July 27, 1926, a first hearing was had in said cause to determine liability and extent of disability, at the conclusion of which the employer and its insurance carrier moved the Commission to deny claimant compensation for the reason the evidence showed that the injury of which he is now complaining did not arise out of and in the course of his employment with them.

On August 2, 1926, the Commission entered its order so holding. Said order was inadvertently dated "July 2, 1926," which was corrected by a correction order under date of August 4, 1926, by which order claimant's claim for compensation was denied and the cause dismissed.

February 16, 1932, claimant's attorneys moved the Commission to set aside the judgment entered August 4, 1926, also filing a verified motion to reopen the case on ground of change in conditions.

April 28, 1932, the employer filed its verified response to said motion, and made objections to the jurisdiction of the Commission to so do.

A second hearing was had April 28, 1932, at the close of which the cause was submitted to the Commission upon the evidence. May 9, 1932, the Commission entered an order sustaining the motion to reopen, and ordering claimant paid compensation for 100 weeks for the loss of his right eye.

Thereafter, on May 12, 1932, claimant, and on May 13, 1932, claimant's employer, filed their respective applications for rehearing.

Pursuant thereto the Commission, on May 13, 1932, set aside its order of May 9, 1932, and set the cause for oral argument. It appears that oral argument was had to the Commission en banc on May 26 and 31, June 15 and 16, 1932, after which the Commission entered its order of April 20, 1933, which is the order sought to be reviewed at this time.

Said order found that claimant sustained his accidental injury while employed by petitioners, April 13, 1926, in a hazardous occupation coming within the Compensation Law, found his average weekly wages, and that claimant had been paid $76.67 temporary total disability compensation by means of a stipulation and receipt, form 7, filed with and approved by the Commission. That the motion to reopen should be and is allowed, and that by reason of claimant's change in conditions for the worse he now has a permanent and total loss of his right eye due to said injury.

The Commission then ordered claimant paid 100 weeks' compensation at the rate of $10 per week for the loss of his right eye, 20 per cent. of which award was

directed to be paid to attorneys for claimant as their fee.

An appeal bond has been posted and this proceeding prosecuted in this court to review said award. Seven specifications of error are set out, which are briefed under two propositions, to wit:

"(1) Where the State Industrial Commission after a hearing enters an order denying the claimant compensation for the reason that he did not receive an accidental injury arising out of and in the course of his employment, and where such order becomes final for want of an appeal, the State Industrial Commission is thereafter deprived of further jurisdiction over the case. Therefore the petitioner's objection to the jurisdiction of the Commission should have been sustained.

"(2) A form 7, stipulation and receipt, unless approved by an affirmative act of the State Industrial Commission duly entered of record, is not equivalent to an order of the Industrial Commission. Therefore, the finding in paragraph 4 of the order of April 20, 1933, that the payment of compensation for temporary total disability on the 14th day of June, 1926, under the terms of the stipulation and receipt, form 7, was approved, was error."

Counsel for claimant admit that these propositions of law fully present the law in this case.

Under the first proposition we hold that where the Commission, after a hearing, enters an order denying the claimant compensation for the reason he did not receive an accidental injury arising out of and in the course of his employment with the employer, and where such order becomes final for want of an appeal, the Commission is thereafter deprived of further jurisdiction over the case. State v. Green, 147 Okla. 119, 294 P 787; Oklahoma Railway Co. v. State Industrial Commission, 147 Okla. 129, 295 P. 216; Loffland Bros. Co. v. Velvin, 152 Okla. 83, 3 P. (2d) 855, at page 88 (Okla. Reports); Olentine v. Calloway, 147 Okla. 137, 295 P. 608; and numerous other cases. See syllabus.

In the case at bar the stipulation and receipt was never affirmatively approved by the Commission. Thereafter, at a hearing on the merits, claimant was denied compensation for lack of jurisdiction in the Commission to make an award where it found from the evidence the injury did not arise out of and in the course of claimant's employment. No appeal therefrom was perfected by claimant within 30 days, as required by statute. The status of the claimant thus became fixed, and, under the decisions cited, the Commission was without jurisdiction to reopen the case or this court to review the award or decision so made. The Commission committed error in not sustaining the objection of the employer to its jurisdiction at the time of making the order complained of.

Claimant's counsel seek to avoid the effect of the decisions so holding by contending that under rule No. 31 promulgated by the Commission, the form 7 (stipulation and receipt) not having been formally disapproved within 10 days after filing, had the effect of an award. This contention is specially refuted in Continental Oil Co. v. Hayes, 157 Okla. 142, 11 P. (2d) 470. See syllabus. The holding in the Hayes Case, supra, was followed with approval in Boettcher v. Marland Refining Co.. 163 Okla. 256, 21 P. (2d) 1070, page 258 of the opinion.

The form 7 was never approved, and is silent on the point whether the injury arose in the course of the employment or not. This point was held against claimant by the Commission when the case was heard on its merits.

Claimant further seeks to avoid the controlling law by contending that the 30-day period in which to appeal dates from and after a copy of such decision has been sent to the parties affected, and is not limited to within 30 days of the date of such award. Such is the provision of section 7297, C. O. S. 1921 [O. S. 1931, sec. 13363]. Claimant urges that petitioner herein did not offer proof to the effect that the order was sent to claimant, and that therefore the order is not final. This court has uniformly held that public officers are presumed to have properly performed their duties, and that therefore it is not incumbent upon the employer (petitioner) to prove that formal orders entered by the Commission in its journal were sent to the claimant.

This court has decided this question adverse to the contention of claimant in Gypsy Oil Co. v. Roop, 148 Okla. 104, 299 P. 444, holding at pages 105 and 106 of the Oklahoma Reports, inter alia, that, in the absence of proof to the contrary, this court must presume that the Commission sent the notice as required by law and this presumption continues until such time as the claimant may offer competent proof to the contrary.

In the case at bar claimant offered no testimony that the notice was not sent to him. He did allege in his motion to set aside the order that "a copy of said order entered by the Commission was never de-

livered to him." However, this motion or pleading is not evidence.

Further, upon cross-examination, claimant testified that he knew the order had been made denying him compensation.

In conclusion, we observe that counsel for claimant admit the second proposition of petitioner, viz., the necessity for formal approval of form 7 receipt by the Commission, to be well taken. Said receipt never became an award, for it was never approved as required by law, and the finding, paragraph 4 of the order, that same was approved, was error.

Counsel for claimant further admit that on May 26, 1932, the question briefed under said second proposition, just referred to, was abandoned, and that the claimant relies solely upon the question of whether the orders of August 2 and 4, 1926, denying claimant compensation, became final.

It is apparent the order of April 20, 1933, appealed from by claimant, is not bottomed on any alleged failure to send a copy of said orders of August 2 and 4, 1926, to the claimant.

In view of the fact that claimant did not prove that the Commission did not send him notice of the order denying him compensation, and that some time during the long interval of time between August 4, 1926, and the time claimant testified at the second hearing, April 28, 1932, to the effect he knew the Commission had made an order denying him compensation, he did ascertain that an order had been entered against him, we hold that it would be a misplaced burden to compel petitioner to prove that the Commission sent claimant a copy of the order, the presumption of regularity prevailing, strengthened by claimant's admission he knew of that fact.

Claimant not having appealed from said order within the time prescribed by statute, the Commission is without jurisdiction to proceed further with the case, said order having become final and conclusive.

The award is vacated, and the Commission directed to dismiss the claim.

RILEY, C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent.