## STATE et al. v. GREEN et al.

No. 21389. Opinion Filed Nov. 18, 1930.

Rehearing Denied Jan. 12, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

W. C. Wood, for respondents.

CULLISON, J. This is an original proceeding in this court to review an award and order of the State Industrial Commission of Oklahoma, in favor of W. T. Green, claimant, and against the state of Oklahoma (Highway Department), and its insurance carrier, the United States Fidelity & Guaranty Company, a corporation, petitioners.

It appears from the record herein that claimant, W. T. Green, on December 3 or 4, 1926, while working for the State Highway Commission, running a grader on the highway west of Dewar, Okla., ran the grader into a pipe line which ran along the ground and was thrown from the grader, and claimed that he sustained certain injuries which caused him to be totally disabled. The claimant, Green, filed claims for compensation with the State Industrial Commission, and on April 27, 1928, the Industrial Commission had a hearing upon such claims. Based on the evidence taken at the hearing of April 27, 1928, the Industrial Commission on May 2, 1928, entered its order denying compensation to claimant for the reason that "the disability complained of was not due to an accidental injury arising out of and in the course of his employment with the Highway Department on December 3 or 4, 1926."

No petition for rehearing on said order was filed and no appeal was taken from said order to the Supreme Court within the 30-day period as provided in section 7297, C. O. S. 1921, as amended by S. L. 1929, ch. 30.

Thereafter, claimant filed a motion with the Industrial Commission to reopen the cause and award further compensation. On December 23, 1929, the Commission held a hearing on said motion, and on April 30, 1930, the Commission made and entered its order wherein the Commission found that claimant had sustained an accidental personal injury on the 3rd or 4th day of December, 1926, and further found that the claimant had since the date of the injury been totally and permanently disabled, and ordered the Highway Department of Okla-

homa, or its insurance carrier, to pay the claimant 500 weeks' compensation beginning December 3, 1926.

From this order and award made by the Commission on April 30, 1930, the petitioners appeal to this court.

The first proposition urged by petitioners on this appeal is:

"The Commission had no jurisdiction to reopen the case and award compensation, because the order of May 2, 1928, was final and conclusive."

That is to say, the order and judgment of the Industrial Commission, entered May 2, 1928, denying compensation to claimant for the reason that "the disability complained of was not due to an accidental injury arising out of and in the course of his employment with the Highway Commission on December 3 or 4, 1926," not having been appealed from within the 30-day period prescribed by the statute, became final and conclusive; that the order not having been appealed from is res judicata between the parties and cannot be reopened or inquired into subsequently by the new Commission.

Section 7297, C. O. S. 1921, as amended by S. L. 1929, ch. 30, provides, in part, as follows:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the state to review such award or decision. * * *"

In Milby-Dow Coal Mining Co. v. State Industrial Commission, 133 Okla. 90, 271 Pac. 237, this court said:

"Under the provision of section 7297, C. O. S. 1921, as amended by section 8, ch. 61, S. L. 1923, an award or decision of the State Industrial Commission becomes final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after copy of such award or decision has been sent by the Commission to the parties affected, an action is commenced in the Supreme Court to review such award or decision, and where action is not commenced in this court to review the award or decision within 30 days after a copy of such award or decision has been sent to the parties affected, this court is without jurisdiction to review the award or decision made. Knowles v. Whitehead, 121 Okla. 55, 247 Pac. 653; Buff v. State Industrial Com., 122 Okla. 199, 253 Pac. 493."

In Ward v. Beatrice Creamery Co., 117 Okla 31, 245 Pac. 570, claimant, Ward, filed claim for compensation with the State Industrial Commission, alleging that he had received an accidental injury arising out of and in the course of his employment with the creamery company and that the same was compensable under the Workmen's Compensation Law of this state.

The Commission in denying compensation to the claimant in that case held:

"That the claimant did not sustain an accidental injury arising out of and in the course of employment in an industry or employment covered by the Workmen's Compensation Law."

No appeal from that finding and order was taken by claimant within the 30-day period allowed by the statute. Thereafter claimant filed with the Industrial Commission his motion to set aside and vacate the order made by the Commission. The Industrial Commission sustained the motion of claimant to set aside and vacate its former order, and the Supreme Court, in reversing the ruling of the Industrial Commission, said:

"It will be observed that the decision of the Commission on the first hearing was made on the 15th day of June, 1923, after a full hearing; that no appeal was ever taken from this order and no petition filed in this court or action commenced in this court to review said decision by the plaintiff in error; that this action for review is from the final decision of the Commission of May 5, 1925. We are of the opinion that this appeal or action to review the decision of the Industrial Commission comes too late. If the plaintiff in error desired to have this court review the decision of the State Industrial Commission, he should have commenced his action within 30 days after June 15, 1923, when the State Industrial Commission rendered its decision denying him the right to an award of compensation. * * * It is, however, urged that, under section 7325, C. O. S. 1921, as amended by section 13, page 128, Session Laws of Oklahoma, 1923, the jurisdiction of the State Industrial Commission was a continuing one. The first part of said section, above referred to, is identical with section 7325, C. O. S. 1921, and the only amendment contained in the Session Laws of 1923 is a proviso that follows the first part, and is relative to the continuing jurisdiction, which empowers the said Commission to effect a final settlement between the parties upon a proper petition, and, in the same proviso, it is said: 'The same rights of appeal shall exist from the decision rendered under such petition as is provided for appeals in other cases before the Commission.'

"In the last above quotation, it clearly appears that the question of appeal must

be determined on a petition for a final settlement between the parties, under section 7297, above quoted. * * *"

"Section 7297 must govern in fixing the time of the right to appeal, and, as heretofore said, that the decision of the Commission, under both sections, became final and conclusive in this case upon the failure of the plaintiff in error to commence his action to review the first decision of the Commission within 30 days after the same was rendered."

It is well settled under the Workmen's Compensation Law of Oklahoma that the only compensation payable thereunder to an employee is compensation for a disability to such employee "resulting from an accidental personal injury sustained by the employee, arising out of and in the course of his employment."

Section 7385, C. O. S. 1921, provides:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment. * * *"

Under this section, a compensable accidental injury must disclose from its circumstances the existence of two essential elements; it must have resulted "in the course of" employment, and it must also have arisen "out of" the employment; and the absence of either of these essential elements destroys the application thereto of the beneficent provisions of the Compensation Law. Lucky Kidd Mining Co. v. State Industrial Com., 110 Okla. 27, 236 Pac. 600; Oklahoma-Arkansas Telephone Co. v. Fries, 128 Okla. 295, 262 Pac. 1062; Indian Territory Illuminating Oil Co. v. Jordan, 140 Okla. 238, 283 Pac. 240.

The claimant contends that the Industrial Commission had the right to reopen this case and make an award, under section 7296, C. O. S. 1921, which provides:

"Upon its own motion or upon the application of any party in interest on the ground of change in conditions, the Commission may, at any time review any award, and, on such review may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act. * * *"

This statute presupposes that at some time previous the claimant has sustained an accidental injury arising out of and in the course of his employment; an injury such as would bring the case within the provisions of the Workmen's Compensation Law, and which injury (if disability can be proven) would warrant compensation at the hands of the Industrial Commission.

However, unless an injury is held to arise out of and in the course of the employment, it is not compensable under the Workmen's Compensation Act, and the Industrial Commission has no jurisdiction to make an award thereon. Lucky Kidd Mining Co. v. State Industrial Commission, 110 Okla. 27, 236 Pac. 600.

In view of the holding of the Commission at the original hearing in this case that "the claimant did not sustain an accidental injury arising out of and in the course of his employment," and that the same was noncompensable under the Workmen's Compensation Law, and under the authorities herein cited, if the claimant desired to have this court review the decision of the Commission, he should have commenced his action within 30 days after May 2, 1928, when the Commission made its order finding that claimant did not sustain an accidental injury arising out of and in the course of his employment with petitioner, and having failed to do so, this order of May 2, 1928, under section 7297, C. O. S. 1921, became final and conclusive between the parties, and the Industrial Commission was without jurisdiction thereafter to reopen the case.

The judgment and order of the Industrial Commission is reversed and the cause remanded, with directions to the Industrial Commission to vacate and set aside its order and award of April 30, 1930, and to sustain the objections of petitioners to the jurisdiction of the Commission to reopen this cause, and to enter judgment in accordance with the views herein expressed.

MASON, C. J., LESTER, V. C. J., and RILEY, SWINDALL, and ANDREWS, JJ., concur. HUNT and HEFNER, JJ., absent. CLARK, J., dissents.

CLARK, J. (dissenting). Paragraph 2 of the syllabus of the majority opinion reads as follows:

"Where, on a hearing before the State Industrial Commission, the Commission finds that 'the disability complained of by claimant is not due to an accidental injury arising out of and in the course of his employment' with claimant's employer, and claimant does not commence an action in the Supreme Court to review such award or decision within 30 days as provided by section 7297, C. O. S. 1921, held, such award or decision of the Commission becomes final and conclusive between the parties. Held, further, the State Industrial Commission is without juris-

diction thereafter to reopen said cause under section 7296, C. O. S. 1921, and the Supreme Court is without jurisdiction to review the award or decision so made."

I cannot agree that the record before us ·in this cause justifies this holding. The holding that this matter had been adjudicated is not supported by the record. The defense of res adjudicata is an affirmative defense which must be pleaded and proved. In this case the common rules of pleading and proof are not strictly followed before the Industrial Commission; however, it was the duty of petitioner to prove a former award and judgment. The burden was on the petitioners to prove that this cause had been adjudicated by the Industrial Commission in their favor. This burden was not met.

The record in this case discloses that on December 3 or 4, 1926, respondent, W. T. Green, an employee of the State Highway Department, while using a road grader and working as a maintenance man on the state highway, struck a submerged or hidden gas line in a ditch, which threw him from the grader: that he was maimed, bruised, and crippled for life; that he received internal injuries requiring several operations; that he received a fracture of his backbone, and that he was at the date of the last hearing of this cause unable to perform manual labor. The United States Fidelity & Guaranty Company, petitioner, was insurance carrier. According to the record in this case, respondent is a man without means and a subject of charity.

Mr. Green testified that it was the only accident or injury received by him. Mr. Ice, mail carrier, while driving along the road, saw the accident; saw Mr. Green hurled from the grader, and saw him fall. There is no question about the accident occurring while in the course of his employment.

The purported judgment, as relied on and quoted by the majority opinion, is found at page 59 of the record, and, omitting the caption. is as follows:

"Now. on this 2 day of May, 1928, the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to hearing held at Okmulgee, Okla., April 27, 1928, to determine liability and extent of disability, at which hearing the claimant appeared in person and by his attorney, A. L. Beckett, respondent and insurance carrier being represented by W. B. Gunnels and J. B. Breckenridge. and the Commission after examining said testimony and all records on file, is of the opinion that the disability complained of is not the result of·an accidental injury arising out of and in the course of claimant's employment with the State Highway Department on December 3 or 4, 1926."

This judgment is not signed by anyone. There is no record·that a vote was ever taken on it as provided by the statute. It is inadmissible for any purpose and has no probative force as a judgment.

I have been unable to find any case on this point. Apparently no trial court has ever admitted such an instrument as a valid judgment. This court has held in a number of cases from district courts of this state that an unrecorded judgment is invalid.

Section 7315, C. O. S. 1921, is as follows:

"The Commission shall be in continuous session and open for transaction of business during all business hours, of every day excepting Sunday and legal holidays. All sessions shall ·be open to the public, and may be adjourned upon entry thereof in its records, without further notice. Whenever convenience of parties will be promoted or delay and expense prevented the Commission may hold session anywhere in the state. Every vote and official act of the Commission shall be entered of record, and the record shall contain a record of each case considered and the award, decision or order made with respect thereto, and all voting shall be by the calling of each Commissioner's name by the secretary, and each vote shall be recorded as cast. A majority of the Commission shall constitute a quorum. A vacancy shall not impair the right of the remaining Commissioners to exercise all the powers of the full Commission so long as the majority remains."

This section clearly requires all judgments and orders of the Commission to be recorded and to show each Commissioner voting therefor. There is nothing in this record to show that any member of the State Industrial Commission voted for this judgment.

10 R. C. L. sec. 324, states the rule as follows:

"The record of the judgment must be signed by an officer authorized by law and must have been filed in the proper office in order to make it evidence."

The purpose of the Industrial Law of Oklahoma is to require industry to pay for the loss of man power or the loss of earning capacity. The state of Oklahoma provided insurance for its employees in the Highway Department; paid the premiums that the employees should have the benefit of said insurance when an injury occurs. Technical rules of construction should not be resorted to to reach the result which is to leave the

maimed, crippled, and helpless employees without the compensation the state so generously provided for their use and benefit. The Industrial Law should be liberally construed so that its objects and purposes may be attained, that is, to care for the maimed and crippled, and place that burden upon the industry responsible for the loss of earning power and thereby relieve the taxpayers of the care and maintenance of the maimed and crippled.

Even if it should be held that the purported judgment is a valid judgment, under the former holdings of this court (Choctaw Portland Cement Co. v. Lamb, 79 Okla. 109, 189 Pac. 750), the Commission had authority to reopen this cause and grant the respondent, Green, compensation. At page 110 of the above case, the court says:

"Commission found that there had been a change in conditions, and the act provides that the decision of the Commission shall be final as to all questions of fact. It is unnecessary for us to express an opinion on the proposition of law advanced by counsel that a finding of a court or jury, which is without support in the evidence, presents a question of law rather than of fact, for there is some evidence in this record supporting the findings of the Commission that there had been a change in conditions, and this court is not authorized to weigh the evidence upon which that finding is based. Moreover, the jurisdiction of the Commission to modify or change its previous findings or orders is not determined solely by the above-quoted provision, for there is another provision, namely, section 14, art. 4, which provides that the power and jurisdiction of the Commission over each case shall be continuing and that the Commission may, from time to time, make such modifications and changes of its former findings or orders relating thereto as, in its opinion, may be just, including the right to make physical examination as provided by section 9, art. 2, of the act. It is obvious, from the language of this section, that it was the intention of the Legislature that the power and jurisdiction conferred on the Commission by the act should be broad and comprehensive. We will not construe the act to subvert the manifest purpose of the Legislature, as it seems to us that this broad and comprehensive jurisdiction was wisely conferred, since, under the act, the injured employee must file his claim for compensation with the Commission within one year after he is injured, or his claim for compensation under the act is forever barred. Section 17, art. 2, Sess. Laws 1915.

"It is a well-known fact that the nature and probable effect of an injury, in many cases, cannot immediately be determined by the most proficient physicians or surgeons, and we are confident that the Legislature

had this fact in mind when it provided in section 14, art. 4, for subsequent physical examinations, and conferred jurisdiction on the Commission to modify or change its former findings or orders. The provision thus serves as a protection both to the employer and employee and enables the Commission to change its findings and orders to effectuate justice where the amount previously awarded was either too large or too small, or where the Commission had previously erred in fixing the compensation through mistake or because of fraud practiced upon it. The facts of this case prove the wisdom of the provision. When the first order was made, the extent of claimant's injury was not determinable by the Commission; when the second order was made the claimant's hand had been amputated, and it appeared to the Commission that the extent of his injury was the loss of his hand, but when the last order was made it appeared to the Commission, from the evidence, that the claimant was more seriously injured, and that he had lost the use of his arm."

Under the provisions of the Oklahoma statutes, as construed by this court on former cases, the award should be affirmed.

Note—See under (1) 28 R. C. L. 802; R. C. L. Perm. Supp. p. 6223; R. C. L. Continuing Perm. Supp. p. 1222.