## CREEK COUNTY et al. v. FOBROY et al.

No. 23488 Opinion Filed May 9, 1933.

Sebe Christian, Co. Atty., and Chas. E. Webster, Asst. Co. Atty., for petitioner Board of County Commissioners of Creek County, Okla.

Clayton B. Pierce, Fred M. Mock, and Green & Farmer, for petitioner Aetna Life Insurance Company.

Grace Arnold, for respondent F. G. Fobroy.

CULLISON, V. C. J. This is an original proceeding in this court by Creek county, through its board of county commissioners, and its insurance carrier, the Aetna Life Insurance Company, petitioners herein, to review an order and award of the State Industrial Commission made and entered on the 4th day of March, 1932, in favor of F. G. Fobroy, claimant herein.

The record discloses that the claimant received severe facial injuries on June 17, 1931, while cranking a tractor for his employer, Creek county, Okla. Claimant's employer furnished him medical attention. Claimant filed his claim for compensation with the Industrial Commission September 19, 1931, and a supplemental claim of the same nature, listing additional results of the injury on September 23, 1931. The record discloses that the employer's insurance carrier paid claimant a check for compensation. On January 15, 1932, notice of hearing of said cause was given all parties, and on January 26, 1932, a hearing was had. A subsequent hearing was had by agreement on February 10, 1932, and further testimony taken as to claimant's disfigurement, pursuant to which hearings the Commission entered its award to claimant on March 4, 1932. Said award found that the claim before it came within the provisions of the Workmen's Compensation Act; that the nature of the injury was a serious disfigurement of nose and face and injury to the eyes; that claimant's average daily wage at the time of the injury was $4 per day; that by reason of said injury claimant was tem-

porarily totally disabled from June 17, 1931, for a period of one week, beyond the five-day waiting period, for which claimant had received compensation in the sum of $15.39; that said injury had left claimant with serious and permanent disfigurement in the nature of scars, one being a two-inch scar at the base of the nose, another scar one-third the way down the nose; the right septum being pushed over to the left side and the nose being sunken in backwards and to the right; that as a result thereof claimant has a permanent partial disability of 20 per cent. loss of vision of the right eye and 10 per cent. loss of vision of his left eye, or an average of 15 per cent. loss of vision of both eyes. Said award ordered petitioners to pay claimant $600 for the aforesaid disfigurement, and, in addition thereto, compensation at the rate of $15.39 per week for a period of 75 weeks, or a total sum of $1,154.25 by reason of impaired vision, as provided under section 7290, subds. 2 and 3 C. O. S. 1921, as amended by Session Laws of 1923, c. 61, sec. 6.

Petitioners pray this court to review said award, and urge the three following propositions in support thereof:

(1) The Workmen's Compensation Act recognizes the fact that the same employer may conduct different departments of business, some of which fall within the act and some of which do not and a claimant, to recover compensation, must show his work was of a hazardous nature.

(2) There is no competent evidence in this record to support a finding that the claimant's loss of vision is in any way due to the accidental injury.

(3) The record presents no proof of any kind that the left eye was affected or injured in any way by the alleged accidental injury.

Under the first proposition, supra, we observe that the first brief of petitioners was filed by Green & Farmer, and the second one by Clayton B. Pierce and Fred M. Mock. In the first brief, counsel for petitioners state:

"We are making the frank statement at this time that we are not complaining about that part of the award of the State Industrial Commission awarding compensation for disfigurement."

The contentions raised, supra, appear in the second brief by Pierce and Mock. From a separate brief of the petitioner, the board of county commissioners of Creek county, we quote in full (omitting the caption):

278

"Statement of Facts.

"At the hearing of this cause in Drumright, Okla., on January 26, 1932, the claimant (respondent herein) appeared in person and by his attorney, Grace Arnold, and the respondents (petitioners herein) by their attorney, John D. Ford, and the board of county commissioners of Creek county, one of the respondents (petitioners herein) was also represented by its attorney, Chas. E. Webster, assistant county attorney of Creek county.

"And it was agreed by all parties that the only matter in controversy in said cause was the extent of the disability that claimant (respondent herein) had sustained by reason of the accidental injury which was the basis of his claim; and that the fact that he had received such an injury and the liability of respondents (petitioners herein) was not denied. And the taking of testimony in said cause proceeded upon that understanding. This agreement does not appear in the record of this case now before this court, and is included in this statement of the facts in the interest of fairness to this court to the end that this cause be reviewed here upon the theory upon which it was tried before the Commission.

"With the addition of the above statement of fact, this petitioner adopts the statement of facts contained in the brief of petitioners' counsel, Green & Farmer.

"Brief and Argument.

"This petitioner hereby adopts the brief and argument filed by petitioners' counsel, Green and Farmer, as its brief and argument herein.

"Respectfully Submitted,

"Sebe Christian, County Attorney of Creek County, Oklahoma,

"By Chas. E. Webster, Assistant Co. Atty."

We think this admission of claimant's employer relieves this court of reviewing the action of the Commission in fixing the liability of respondents, and leaves as the sole question for determination by this court, whether or not the record discloses sufficient competent evidence reasonably tending to support the finding of fact by the Commission as to the extent of claimant's disability, and the award based thereon.

Dr. Wm. J. Neal testified that he found a decided loss of vision in the right eye; that claimant cannot read a newspaper with the right eye, and possessed about a 50 per cent. loss of vision in said eye, according to the doctor. Dr. Theodore G. Wailes testified that claimant told him he could not see good out of his eyes, the right worse than the left. Dr. Curt Von Wedel testified that claimant had a slight depression of the left orbital region, and that the edge of the eye is one-sixteenth of an inch different from that of the other side, the same being due to the blow he received on his face. Dr. R. E. Leatherrock testified that he found a vision in claimant's right eye of 20/60 and the left eye 20/40. The term 20/60 in the right eye means 70 per cent. of normal vision and 20/40 as to the left eye means 83.5 per cent. normal vision. That this loss of claimant's vision, viz., 30 per cent. in the right eye and 16.5 per cent. in the left eye is permanent. Claimant, F. G. Fobroy, testified that his right eye is not so clear as the other eye, and that he had no trouble with his eyes prior to the injury.

Petitioners complain that claimant did not make any claim for loss of vision in his left eye in his claim filed before the Commission. This is true, but this court has held that the State Industrial Commission is not limited in its inquiry or award by the specific language of the employee's claim. Continental Oil Co. v. Hayes, 157 Okla. 142, 11 P. (2d) 470.

After a careful reading of the record, we hold the evidence amply sustains the award of the Commission. Award affirmed.

SWINDALL, ANDREWS, McNEILL, OSBORN, BAYLESS, and WELCH, JJ., concur. RILEY, C. J., and BUSBY, J., absent.