## NASH v. DOUGLAS AIRCRAFT CO., Inc., et al.

No. 33572. Jan. 24, 1950.
Rehearing Denied Feb. 28, 1950.

*214 P. 2d 919.*

Claud Briggs, of Oklahoma City, for petitioner.

Bulla & Bynum, Merton Bulla, Edward Bynum, and Homer Thompson, all of Oklahoma City, for respondents Douglas Aircraft Company, Inc., and Fidelity & Casualty Company of New York.

Mac Q. Williamson, Atty. Gen., for State Industrial Commission.

LUTTRELL, J. This is an original proceeding in this court, brought by

Elma G. Nash, claimant, to vacate an order of the State Industrial Commission denying claimant's application to reopen a proceeding before the Industrial Commission on the ground of change of condition. The application was denied by the commission on the theory that its previous holding, that a back condition from which claimant was suffering was not due to an accidental injury suffered by her while employed by the Aircraft Company on August 5, 1944, had become final.

Claimant's claim for injury due to the accident of August 5, 1944, was filed with the commission on September 25, 1944. Therein it recited that the nature and extent of the injury was "ligamental or muscular strain of left side, or probably internal injuries, exact nature and extent not known". At hearings held before the Commission claimant complained of pain and suffering in the left lower abdominal region, and was awarded temporary total disability. Thereafter the Aircraft Company filed a motion to suspend compensation for temporary total disability, but payment of compensation for such disability was continued by order of the trial commissioner dated May 3, 1945. On May 25, 1946, the commission en banc, on appeal from the order of the trial commissioner, reversed and set aside that order and remanded the cause for determination of temporary and permanent disability, if any.

Pursuant to this reversal further hearings were had before a trial commissioner, beginning on June 20, 1946, at which hearings for the first time claimant testified that she was suffering from a back injury, which she asserted was due to the accidental injury of August 5, 1944. She testified that abdominal pains due to the injury had been so severe that she had not felt the pain in her back until sometime in January, 1946, at which time her abdominal condition had been relieved by an operation for hernia. At these hearings, in addition to her own testimony, she introduced the testimony of physicians as to the back condition, and that it was a probable result of the accident. From this evidence it appears that at that time the abdominal condition of which she first complained was greatly improved, and did not incapacitate her for the performance of ordinary work which did not involve heavy lifting. At the conclusion of the hearings, the trial commissioner, on July 5, 1946, made an order adjudging that claimant's temporary disability had terminated, and denying her claim for compensation for the injury to her back . The finding or conclusion of fact made by the trial commissioner as to the back injury was as follows:

"That the testimony is insufficient to show that the back condition complained of commencing on or about January 1, 1946, is the result of said injury of August 5, 1944, and claimant's claim for compensation as a result of said condition to her back is hereby denied."

This order was affirmed on appeal by the commission en banc. No proceeding to review this order was brought in this court.

Thereafter, on October 29, 1947, claimant filed an application to reopen the cause upon the ground of change of condition. At the hearing on said application, the trial commissioner denied the application without hearing the evidence in support thereof, and his action was sustained by the commission on appeal.

Claimant asserts that the finding or conclusion set forth above is so indefinite that it is incapable of judicial interpretation, but is similar to the findings condemned by this court in Corzine v. Traders' Compress, 196 Okla. 259, 164 P. 2d 625, and Adams v. City of Anadarko, 198 Okla. 484, 180 P. 2d 159. However, examination of those cases discloses the findings and conclusions therein disapproved were so worded that the court was unable to determine whether the Commission held that there was no accidental injury, or whether it

intended to hold that there was an accidental injury but that such injury was not sustained in the course of the claimant's employment. We find no such uncertainty in the finding above set forth, but in it the Commission clearly held that under the evidence produced the back injury was not shown to have been caused by the accident of August 5, 1944.

Claimant also contends that this court has repeatedly held that the State Industrial Commission cannot by any form of order or decision divest itself of jurisdiction to award compensation based upon change of condition, citing Independent Oil & Gas Co. v. Clark, 175 Okla. 257, 52 P. 2d 789. We consider that case inapplicable for the reason that therein an award had been made, and the court held that in such case a provision in a settlement agreement, but not on joint petition, that the settlement was full, final and complete, did not preclude the Commission from thereafter reopening the case for change of condition.

In the instant case no award was made for the back injury, but the Commission clearly held that the back injury was not due to, or caused by, the accident sustained by claimant on August 5, 1944.

In Loffland Bros. Co. v. Velvin, 152 Okla. 83, 3 P. 2d 855, we called attention to the confusion existing as to what is meant by change of condition, and the authority of the Commission in such cases. After setting out the various fact situations under which the Commission could grant additional relief on the ground of change of condition, we said:

"This is not true relative to a finding that the accidental personal injury did not arise out of and in the course of the employment or did not arise out of the employment as this fact may be determined at the first hearing, and when determined by the commission it becomes final and conclusive, unless a proceeding to review is commenced in this court within the time and manner provided by law."

In State v. Green, 147 Okla. 119, 294 P. 787, we said:

"In view of the holding of the Commission at the original hearing in this case that 'the claimant did not sustain an accidental injury arising out of and in the course of his employment', and that the same was noncompensable under the Workmen's Compensation Law, and under the authorities herein cited, if the claimant desired to have this court review the decision of the Commission, he should have commenced his action within 30 days after May 2, 1928, when the Commission made its order finding that claimant did not sustain an accidental injury arising out of and in the course of his employment with petitioner, and, having failed to do so, this order of May 2, 1928, under section 7297, C.O.S. 1921 (85 O.S. 1941 §29) became final and conclusive between the parties, and the Industrial Commission was without jurisdiction thereafter to reopen the case."

See, also, Olentine v. Calloway, 147 Okla. 137, 295 P. 608; Board of County Com'rs v. State Industrial Commission, 177 Okla. 645, 61 P. 2d 730.

From these cases and others therein cited it clearly appears that 85 O.S. 1941 §28, providing for the review of an award by the Commission upon change of condition, has no application where the Commission makes no award, but finds that the injury is not an accidental injury within the purview of the Compensation Law.

Claimant contends that the application for change of condition did 'not specifically mention the back injury. But she attached to her application a physician's report in which the only injury referred to as causing a change in condition was the back injury, and she offered in evidence the depositions of two other physicians which likewise referred only to the back injury as a cause of further disability. No other or further evidence was tendered by her at that time. At the hearing the trial commissioner stated that hearing was to determine a change of condition due to the back injury, and

from the statement of claimant's counsel it is evident that that was the only injury as to which a change of condition was claimed. There being no contention that any other injury was to be considered or was involved, the commission under the authorities above cited properly denied the application.

Order sustained.

CORN, GIBSON, HALLEY, and O'NEAL, JJ., concur. DAVISON, C.J., and JOHNSON, J., concur in result. ARNOLD, V.C.J., dissents.