## F. K. KETLER CO. et al. v. HANKS et al.

No. 34134.    Oct. 9, 1951.

*234 P. 2d 623.*

---

Robert D. Crowe and Hemry & Hemry, Oklahoma City, for petitioners.

Schwoerke & Schwoerke and Mac Q. Williamson, Atty. Gen., for respondents.

BINGAMAN, J.    Claimant, L. L. Hanks, filed with the State Industrial Commission a claim for accidental injuries sustained while working for F. K. Ketler Company, his employer, his injuries being caused by a fall from a bridge which his employer was engaged in constructing.  In his original claim for compensation, filed May 24, 1945, he claimed injuries to his head, neck, back, ribs, jaw teeth and wrist. Thereafter, on September 20, 1945, he filed an amended claim in which, in addition to the above injuries, he listed double hernia.  After various hearings were had on the claim the commission entered its order, on February 11, 1946, finding that claimant suffered a 50 per cent permanent partial disability to his body as a whole, and awarding him compensation therefor.  As to the claim for hernia the commission held as follows:

"And it is further ordered by the trial Commissioner, that claimant's claim that he sustained a hernia by reason of said accidental personal injury of March 31, 1945, be, and the same is hereby denied for the reason that same is not sustained by the evidence introduced herein."

No appeal was taken from the award made by the commission and it became final.

Thereafter, on October 2, 1948, claimant filed a motion to reopen the case on change of condition, stating in said motion that since the original award was made, hernias on both sides of claimant's groins had developed to a point where he needed an operation, and asking that the claim be set for hearing and that upon final hearing the com-

mission find a change of condition and make a further award. On this motion the commission, on March 9, 1949, made an order finding that claimant had sustained a change of condition for the worse, awarded him an operation for correction of the hernia, and awarded temporary total compensation pending the operation, such compensation not to exceed 300 weeks at $18 per week. This order was appealed to the commission en banc and by them affirmed. The employer, F. K. Ketler Company, and its insurance carrier bring this proceeding to review the action of the commission on the motion for change of condition.

In Nash v. Douglas Aircraft Company, 202 Okla. 459, 214 P. 2d 919, an almost identical situation was considered. In that case the claimant first claimed that her left side was strained and that she had probable internal injuries, and later in the progress of the cause asserted a back injury, which she also claimed was due to the original accident in which she was injured. In that case the commission found that the testimony was insufficient to show that the back injury was the result of the accidental injury suffered by claimant, and denied compensation. Thereafter she filed a motion to reopen the cause upon change of condition, claiming that the back injury was worse, which claim was denied by the commission, and she appealed to this court. We held that 85 O. S. 1941 §28, providing for the review of an award upon change of condition, had no application where the commission had not made an award for the back injury, but had denied the same for the reason that it found that the claimed disability was not due to the accidental injury sustained by the claimant. In that case we said:

"Where, on hearing before the State Industrial Commission, the commission finds that the disability complained of by claimant is not due to an accidental injury arising out of and in the course of her employment with claimant's employer, and claimant does not commence an action in the Supreme Court to review such award or decision within 30 days, as provided by 85 O. S. 1941 §29, the decision of the commission becomes final and conclusive, and the commission is without jurisdiction to thereafter reopen said cause on the ground of change of condition, under 85 O. S. 1941 §28."

The decision in that case is controlling here.

Order vacated, with directions to deny the motion to reopen for change of condition.

ARNOLD, C. J., HALLEY, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur.