### DITMORE v. CHARLES M. SUTTLE CONST. CO. et al.

#### No. 35400.

Supreme Court of Oklahoma.

Sept. 29, 1953.

Rollie D. Thedford, Oklahoma City, for petitioner.

Earl Youree, Wagoner, Pierce, Mock and Duncan, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On the 2nd day of July, 1951, B. B. Ditmore, herein referred to as petitioner, filed a claim for compensation before the State Industrial Commission against Charles M. Suttle Construction Company and its insurance carrier, Maryland Casualty Company, herein referred to as respondents, in which he stated that on the 4th day of June, 1951, while in the employ of Charles Suttle Construction Company he fell into a ditch causing injury to his shoulder and neck resulting in some permanent disability to his person.

Respondents voluntarily paid petitioner temporary total compensation from the date of the injury until July 26, 1951, at which

time upon receipt of a report from the attending physician that petitioner had fully recovered from his injury payments were discontinued.

On July 27, 1951, petitioner filed a motion requesting the Commission to set the matter for hearing for the purpose of determining the extent, if any, of permanent disability. The case came on to be heard on September 20, 1951, before a trial commissioner. At that hearing the jurisdictional facts were stipulated. Mr. Youree, counsel for respondents, then stated to the trial commissioner that compensation for temporary total disability has been paid up to and including July 26, 1951, in the sum of $170.85. The following discussion then took place between counsel and the trial commissioner:

"The Court: Does that end the temporary total?

"Mr. Thedford: No this is strictly on temporary.

"Mr. Youree: If the court so decides after the evidence is all in I would like to try it on the whole issue.

"The Court: That is whether claimant wants two hearings on the same case. We can try it on temporary and if there is nothing further, it would be the order of the court it be set for a later date."

At the conclusion of the hearing the trial commissioner after finding that on the 4th day of June, 1951, petitioner, while in the employ of Suttle Construction Company, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his neck and shoulders; that he was totally disabled from the performance of ordinary manual labor from the date of the injury until July 26, 1951, for which period he has heretofore been paid compensation at the rate of $25 per week less the five day waiting period; that petitioner's temporary total disability ended as of July 26, 1951, and he is not entitled to further temporary total disability compensation, further found:

"That any permanent disability claimant now has or has had or temporary disability, since July 26, 1951, has

not been caused by claimant's injury of June 4, 1951, but is a condition that existed before June 4, 1951, and that claimant sustained no permanent disability by reason of his June 4, 1951, accident; and therefore his claim for compensation herein should be denied."

The commissioner on such finding entered an order denying compensation and dismissed petitioner's claim. The order was sustained on appeal to the Commission en banc.

■ Petitioner brings the case here for review and seeks to vacate the order on the sole ground that the issue as to permanent disability was not properly before the Commission; that the hearing was limited by agreement and order of the trial commissioner to the question as to whether petitioner was entitled to further compensation for temporary disability. It is asserted that the order denying compensation for permanent disability was prematurely entered; that the trial commissioner upon finding that temporary total disability had ended should have set the matter for hearing at a future date for the purpose of determining the extent, if any, of permanent disability. It is conceded by petitioner that the evidence is sufficient to sustain the finding of the Commission as to temporary total disability but he asserts that the cause should be remanded to the Commission for further hearing on the question of permanent disability. Under the record herein we see no reason for so doing. The Commission did not find that petitioner was not then still temporarily totally disabled. It simply found that any disability which he might then have, whether temporary or permanent, was not caused by the accidental injury sustained on June 4, 1951, but was due to a condition which existed to that time. Under petitioner's own theory of the case the question as to the cause of petitioner's disability was certainly an issue involved in determining as to whether petitioner was entitled to further compensation for temporary total disability. Petitioner does not contend that he did not have a full and fair hearing as to that issue. The trial commissioner found this issue against him which finding was sustained on appeal to

**592**

the Commission en banc. Petitioner does not contend that the evidence is insufficient to sustain such finding. Counsel in the brief does not discuss the evidence. In these circumstances we do not think it necessary to enter into a detailed discussion thereof. It is sufficient to say that there is ample medical evidence to support such finding. It will not therefore be disturbed on review. Roberts v. Magnolia Petroleum Co., 201 Okl. 370, 205 P.2d 1160.

■ Since the Commission found that any disability from which petitioner may now be suffering whether temporary or permanent was not caused by the accidental injury sustained on June 4, 1951, but was due to other causes, the question as to the extent, if any, of permanent disability became wholly immaterial as in no event could petitioner recover compensation for such disability. This conclusion finds support in principle in F. K. Ketler Co. v. Hanks, 205 Okl. 200, 234 P.2d 623; Nash v. Douglas Aircraft Co., Inc., 202 Okl. 459, 214 P.2d 919.

■ Respondents refer to and rely in part to sustain their contention on the following cases: Continental Oil Co. v. Hayes, 157 Okl. 142, 11 P.2d 470; Creek County v. Fobroy, 163 Okl. 276, 21 P.2d 1060; Sparkman v. Cosden Pipe Line Co., 182 Okl. 184, 77 P.2d 21. In these cases this court held that strict rules of pleading are not enforced in a proceeding before the State Industrial Commission. Although a claimant may claim for a certain class or character of disability, the Commission may award compensation for such disability as the evidence may justify. When a cause is properly before the Commission the entire range of disability mentioned in the statute may be inquired into, and an award may be made in accord with the facts shown by the evidence.

Petitioner contends that the rule announced in the above cases is not applicable to the instant case because of the agreement and statement of the court referred to which he contends limited the hearing to the question of total temporary disability. What we have heretofore said disposes of this question.

The contention of petitioner that he did not have a full and fair hearing as to the issues decided is not supported by the record.

Order sustained.

JOHNSON, V. C. J., and WELCH CORN, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.