**V. C. COUCH, Petitioner,**

v.

**Paul L. WEAVER and the State Industrial Commission, Respondents.**

No. 35670.

Supreme Court of Oklahoma.

Nov. 23, 1954.

144

Looney, Watts, Ross, Looney. & Nichols, Oklahoma City, Delos Tillotson, Nowata, for petitioner.

Covington & Donovan, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On April 9, 1949, Paul L. Weaver, respondent herein, filed a claim for compensation with the State Industrial Commission in which he states that on March 28, 1949, while in the employ of V. C. Couch and Joe E. Couch, he sustained an accidental injury consisting of injury to his right shoulder and arm, head, face, eyes and right leg. The accident occurred while he was mounting a tire on a truck. The tire exploded in his face causing the injuries above mentioned.

The trial commissioner to whom the case was assigned at the conclusion of the evidence and on April 25, 1950, in substance found: On the 28th day of March, 1949, respondent herein, while in the employ of V. C. Couch and Joe E. Couch, partners, sustained an accidental injury arising out of and in the course of his employment consisting of injuries to his right shoulder and arm, head, face, eyes and right leg and as the result thereof was temporarily totally disabled from March 28, 1949, less the five day waiting period to November 5, 1949, for which he is entitled to compensation for 31 weeks at $21 per week or a total sum of $651 and upon such finding entered an award against both V. C. Couch and Joe E. Couch accordingly.

An appeal was taken from this order to the Commission en banc and on the 11th day of August, 1950, such Commission ordered that such order made and entered therein on April 25, 1950 "should be and the same is hereby vacated, set aside, and held for naught, as to the respondent, V. C. Couch; that said order, as to the respondent, Joe E. Couch, should be and the same is hereby affirmed and adopted and made the Judgment and order of this Commission on appeal herein."

Thereafter the Chairman of the State Industrial Commission assigned the case to another trial commissioner for further proceedings. This trial commissioner, by order of June 7, 1951, in his findings set out in full the findings of the trial commissioner made at the prior hearing as recited in the order of April 25, 1950, and further found that "due to the wording of the commissioner's order of August 11, 1950, the respondent, V. C. Couch, was not dismissed as a respondent in this cause" and entered an award "dismissing" V. C. Couch from any liability for the injuries sustained by respondent on March 28, 1949, but reiterating the former award against Joe E. Couch.

Such order of June 7, 1951, was vacated on appeal to the Commission en banc and the Commission remanded the case to the trial commissioner for further hearing. This order was made on October 13, 1951.

The case was thereafter assigned to a different trial commissioner for further hearing who, after the close of the evidence, found that a partnership existed between V. C. Couch and Joe E. Couch and further found that as a result of the accidental injury sustained on March 28, 1949, respondent was temporarily totally disabled for the period of time stated in the former award by trial commissioner and entered an award by order dated June 20, 1952, against both V. C. Couch and Joe E. Couch for such disability in the sum of $651 and also found that as a further result of that injury claimant sustained a permanent total loss of use of his right arm and entered an award against both of the above named parties in the sum of $5,250 and for certain medical expenses.

V. C. Couch brings the case here to review this award and among other grounds relies for its vacation on the ground that the order made and entered by the Commission on appeal on August 11, 1950, was a final order and the Commission was thereafter without jurisdiction to conduct further hearings in the matter or make any other or different award in the case. We think this contention well taken.

The statute, 85 O.S.1951 § 29, as far as here material provides:

"The award or decision of the Commission shall be final and conclusive upon all questions within its juris-

diction between the parties, unless within twenty (20) days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the State to review such award or decision. * * *"

The award entered by the Commission on the 11th day of August, 1950, was an appealable order. Respondent herein did not appeal therefrom. That order became final after the time for taking an appeal had expired and the Chairman of the State Industrial Commission was thereafter without power or jurisdiction to assign the case for further hearing as against petitioner and the Commission was without jurisdiction to take any other or further proceeding in the matter or to make and enter a different award as against him. It was thereafter without power to enter the award of June 23, 1952, and such award is therefore void for want of jurisdiction in the Commission to make the award. Special Indemnity Fund v. Lewis, 200 Okl. 471, 196 P.2d 684; F. K. Ketler Co. v. Hanks, 205 Okl. 200, 234 P.2d 623.

Respondent herein contends that the order entered on August 11, 1950, did not deny compensation against the petitioner, V. C. Couch, and therefore left the case as if no order had ever been made and the Commission therefore had jurisdiction to take further proceedings in the case and to enter its award of June 20, 1952. We do not agree. When the Commission by its order of August 11, 1950, affirmed the award as against Joe E. Couch and vacated it against V. C. Couch it was in effect an order denying compensation against V. C. Couch.

Respondent in support of his contention relies on Adams v. City of Anadarko, 202 Okl. 72, 210 P.2d 151, and Boen v. State Industrial Commission, 202 Okl. 258, 212 P.2d 457.

In each of these cases this court vacated a prior order of the Commission denying compensation because of the insufficiency of the findings and remanded the cause to the Commission for further hearing. Upon receipt of the mandate the Commission pro-

ceeded to hear the case anew in accordance with the mandate of this Court. No such mandate was issued by the Commission en banc to the trial commission by its order of June 11, 1950. These cases are not in point.

Since the Commission was without jurisdiction to enter its award of June 20, 1952, which is the award appealed from, the award cannot be sustained.

Award vacated as to petitioner V. C. Couch with directions to dismiss the claim against him.

JOHNSON, V. C. J., and WELCH, CORN and O'NEAL, JJ., concur.

HALLEY, C. J., and DAVISON and BLACKBIRD, JJ., dissent.