Landrum Leo GLEASON, Petitioner,

v.

STATE INDUSTRIAL COURT, Rocket Freight Lines and Utilities Insurance Company, Respondents.

No. 39391.

Supreme Court of Oklahoma.

April 24, 1962.

Geo. P. Striplin, Vural L. Gilley, by Vural L. Gilley, Tulsa, for petitioner.

Rhodes, Crowe, Hieronymus & Holloway, Philip N. Landa, Tulsa, for respondents.

DAVISON, Justice.

At issue in the present proceeding is the correctness, as a matter of law, of the trial tribunal's order declining to entertain and determine, for want of jurisdiction, the merits of claimant's application for an additional award upon an asserted change of his physical condition in the lumbar spine.

As disclosed by the record, claimant originally instituted this proceeding to recover compensation for an accidental injury sustained by him on November 1, 1957, while unloading a heavy crate at employer's dock in Tulsa, Oklahoma. He initially asserted to have suffered only a right inguinal hernia, but later amended his claim to include an injury to the back. At the hearing conducted on May 5, 1959, claimant sought statutory benefits for his hernia and "further medical" treatment as well as temporary compensation for the injury to his back. Claimant's medical reports described his condition in the lumbar spine as characterized by symptomatic "remissions and exacerbations," and revealed "the possibility of a protuded intervertebral disk at the lumbosacral interspace on the right." The doctors recommended further diagnostic efforts, indicating that claimant should be "considered for surgical intervention." Upon conclusion of this hearing the trial judge appointed a neutral examiner, Dr. G, who entertained the opinion that "If the hernia is fixed and *the back treated adequately,* the back will recover by the time the hernia convalescence is over." Shortly upon the receipt of Dr. G's report the trial judge entered his order on June 1, 1959, and a "supplemental order" on June 11, 1959, which, so far as pertinent, recites:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on or about November 1, 1957, consisting of injury to *his back and right inguinal hernia."* (Emphasis ours.)

\* \* \* \* \* \*

"That claimant is entitled to surgery and treatment for said hernia and is entitled to 14 weeks compensation."

\* \* \* \* \* \*

"That claimant has not sustained any disability to his back by reason of the said accident arising out of and in the course of his employment on or about November 1, 1958, (sic) and his claim for disability by reason of said back injury is hereby denied."

Following the entry of these orders claimant underwent a surgical repair of his right inguinal hernia. So far as the record discloses, this condition has reached optimum recovery. His complaints in the

lumbar region of the spine continued with increased intensity. According to his physician no improvement could be expected in the absence of a "corrective surgical intervention" for a herniated disk.

On December 7, 1959, claimant filed his "motion to reopen and for additional compensation," asserting "a change of condition." The evidence adduced at the hearing upon this motion discloses that claimant has permanent disability due to the condition of his lumbar spine and is in need of an operation. At the close of the hearing the trial judge found that he was "without jurisdiction" to "reopen" the claim for additional compensation to the back because his prior order denying disability therefor was conclusive and final. This decision was affirmed on appeal to the trial tribunal en banc.

■ An injured workman may not be foreclosed from seeking further compensation on the theory that he is barred by a prior, adverse and final order, unless it clearly appears from the record that the issues tendered in the subsequent proceeding are concluded by the former determination of the trial tribunal. Dunning-James-Patterson v. Rickert, 196 Okl. 237, 164 P.2d 620, 622.

■ At the original hearing upon the instant claim the sole issue submitted was that of temporary compensation during the healing period and continuing medical treatment. Claimant's medical evidence described his back condition as one which required extensive treatment and possible corrective surgery. Dr. G, the neutral examiner, expressed his evaluation of the lumbar condition in terms of anticipated futurity. It was Dr. G's opinion that the pathology would amount to 10 percentum permanent (partial) disability if it failed to improve after the hernia repair. Under our past decisions, the opinion so phrased is deemed to be wholly without probative value. See E. L. Mendenhall Company v. Kell, Okl., 359 P.2d 234, 237 and cited cases.

Under the evidence as outlined, and upon the strength of Dr. G's report (which, ac-cording to the remarks of the trial judge, formed the basis of the prior orders), the trial tribunal was justified in denying claimant further treatment and temporary benefits, but it was without authority to speculate on Dr. G's prognosis concerning an eventual improvement in the lumbar condition, by attempting to forever foreclose claimant from subsequently showing the presence of permanent disability. Gardner Petroleum Co. v. Poe, 166 Okl. 169, 26 P.2d 743; Dunning-James-Patterson v. Rickert, supra; see also Dudley v. Major Construction Company, Okl., 345 P.2d 881; Board of County Com'rs of Oklahoma County v. State Industrial Commission, 177 Okl. 645, 61 P.2d 730; Sparkman v. Cosden Pipe Line Co., 182 Okl. 184, 77 P.2d 21.

■ In support of the trial tribunal's decision declining to entertain the "motion to reopen," employer cites our decisions in Nash v. Douglas Aircraft Co., Inc., 202 Okl. 459, 214 P.2d 919; F. K. Ketler Co. v. Hanks, 205 Okl. 200, 234 P.2d 623; and Warren & Bradshaw Drilling Co. v. Boyd, Okl., 271 P.2d 324. In these cases, in which we held that the State Industrial Court was without jurisdiction to entertain an application for additional benefits, the prior orders of the trial tribunal adjudged either that claimant did not receive an accidental injury to the parts of the body which claimant asserted to have undergone a change in condition, or the prior orders found that the disability sought to be increased was not attributable to a compensable accident, but resulted from unrelated causes. These cases bear no analogy to the present cause. In the instant proceeding The State Industrial Court did not determine by its prior orders that claimant's lumbar pathology pre-existed his accident or that it originated from non-compensable causes. To the contrary, the order of June 5, 1959, specifically found that claimant did sustain an accidental injury to the back.

There was error in the trial tribunal's conclusion that it was without jurisdiction to entertain and determine the "motion to reopen." If claimant should seek to un-

dergo corrective surgery and claim an award of temporary benefits, he must be *required to show a change in his physical* condition for the worse occurring since the last prior order and attributable to the original back injury of November 1, 1957. Young v. Daugherty, 203 Okl. 598, 224 P. 2d 962. Should claimant elect to assert only his right to an award for permanent disability, due to his lumbar pathology, a showing of an interim change in condition will not be necessary since the prior order was merely interlocutory and operated only as an adjudication concerning claimant's rights to temporary benefits and medical treatment. Gardner Petroleum Co. v. Poe, supra; Board of County Com'rs of Oklahoma County v. State Industrial Commission, supra; Dudley v. Major Construction Company, supra.

The order declining to entertain the application for further compensation is vacated for further proceedings to be conducted in a manner consistent with the views expressed in this opinion.

WILLIAMS, C. J., BLACKBIRD, V C. J., and HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.