**Landrum Leo GLEASON, Petitioner,**

**v.**

**The STATE INDUSTRIAL COURT, Rocket Freight Lines and Utilities Insurance Company, Respondents.**

**No. 41008.**

Supreme Court of Oklahoma.

Dec. 28, 1965.

Rehearing Denied April 12, 1966.

Geo. P. Striplin and Vural L. Gilley, Tulsa, for petitioner.

Rhodes, Crowe, Hieronymus, Holloway & Wilson, Philip N. Landa, Tulsa, and Charles R. Nesbitt, Atty. Gen., for respondents.

PER CURIAM.

This is an original proceeding by Landrum Leo Gleason, claimant, for review of an order of the State Industrial Court which denied him an additional award against Rocket Freight Lines and Utilities Insurance Company, who will be hereinafter referred to as respondents.

The record discloses that claimant originally instituted this cause to recover compensation for an accidental injury sustained by him on November 1, 1957, while unloading a heavy crate for respondent, Rocket Freight Lines. The Industrial Court entered an order on June 11, 1959, finding that

claimant had sustained an "injury to his back and right inguinal hernia" and awarded him compensation for the hernia but denied him compensation for his back injury for the reason "that claimant has not sustained any disability to his back."

On December 7, 1959, claimant filed a motion to reopen the claim for additional benefits asserting "a change of condition for the worse," due to his back injury. The Industrial Court denied the motion on the ground it was without jurisdiction to reopen the claim because the prior order was "conclusive and final."

The claimant appealed to this Court for review, and on April 24, 1962, we vacated the order, holding that an injured workman may not be foreclosed from seeking further compensation on the theory that he is barred by a prior adverse and final order, unless it clearly appears from the record that the issues tendered in the subsequent proceeding are concluded by the former determination of the trial tribunal. Gleason v. State Industrial Court, Okl., 371 P.2d 89. In remanding the cause for further proceedings, we said:

"  *   *   * If claimant should seek to undergo corrective surgery and claim an award of temporary benefits, he must be required to show a change in his physical condition for the worse occurring since the last prior order and attributable to the original back injury of November 1, 1957. Young v. Daugherty, 203 Okl. 598, 224 P.2d 962. Should claimant elect to assert only his right to an award for permanent disability, due to his lumbar pathology, a showing of an interim change in condition will not be necessary since the prior order was merely interlocutory and operated only as an adjudication concerning claimant's rights to temporary benefits and medical treatment.   *   *   *"

After two postponements, the cause was again heard on January 20, 1964. At that hearing Dr. S testified for claimant, stating he first examined claimant on November 9, 1959; that he next examined him in November, 1960, and found "there had been no improvement or alteration in the examination," that "he was about the same", that he recommended surgery in 1959 and continued to recommend surgery until January 26, 1961, when he operated claimant's back; that "there had not been a great deal of change between November, 1959, until the time of surgery,"; that "there was slight change only between November of '59 and of January '61"; that claimant was discharged to return to work as of August 1, 1961.

On cross-examination, Dr. S testified that he did not know the condition of claimant prior to November 9, 1959; that prior to that date claimant "probably did have a disk"; that in his opinion claimant had 35 to 40 per cent permanent partial disability to his body as a whole as a result of his injury before the operation and 22 per cent after surgery.

Dr. R also testified for claimant. He stated he first saw claimant on July 17, 1962, and that in his opinion claimant's condition worsened from June 11, 1959, up to the time of the operation on January 26, 1961.

Dr. H testified by deposition for respondents. His testimony was that he first examined claimant on April 2, 1959, then on April 4, 1960; that in his opinion claimant had not suffered a change of condition for the worse during that period of time due to the injury of November 1, 1957; that he then examined claimant again on January 22, 1964, and there still had been no change of condition for the worse.

The trial judge entered an order on February 25, 1964, finding as follows:

"That claimant has not suffered a change in his condition, since the last order of this Court, being June 6, 1960, for the worse, therefore, his motion to re-open on a change in condition for the worse is denied."

That order was modified by the court en banc on appeal as follows:

"1.   That as a result of claimant's accidental injury to his back on November

1, 1957 an aggravation of a pre-existing condition, claimant has 11% permanent partial disability to his body as a whole, or 55 weeks at $30.00 a week or $1650,00, less 2% tax and 20% atty. fee.

"2. That Claimant's condition has remained essentially the same since the original injury of Nov. 1, 1957 and that claimant has not sustained a change in condition for the worse since the claimant's prior order of June 11, 1959 and that claimant's claim for additional temporary benefits and medical treatment herein is denied."

The question to be determined here is whether the findings of fact and conclusions of law contained in the order of the Industrial Court are capable of judicial interpretation.

On June 11, 1959, the lower court found that claimant had sustained an "injury to his back" but had sustained no disability from said injury. That order became final. In the order under review from the lower court's language, we are unable to determine whether the court is now saying that the injury on November 1, 1957, to claimant's back was an aggravation of a pre-existing condition (which was not mentioned in the prior order) and that claimant had 11% permanent partial disability on June 11, 1959, or whether it is holding that at the time of the last order (to wit: February 24, 1964) claimant had sustained 11% permanent partial disability as a result of an aggravation of a pre-existing condition which was the injury of November, 1957. If this be the intent of the order, then claimant has sustained a change of condition for the worse since June 11, 1959. Yet the Industrial Court found that claimant's condition was "essentially" the same since the original injury and had not suffered a change of condition for the worse.

After reading the order and reviewing the medical testimony herein, we are unable to determine just what the lower court has held.

██ This Court is firmly committed to the rule that the Industrial Court is required to make specific findings of the ultimate facts responsive to the issues as well as conclusions of law upon which an order is made granting or denying an award to a claimant, and they should be sufficiently definite to enable this Court to pass intelligently upon the correctness or incorrectness of such orders based upon the facts. Where the findings of fact and conclusions of law of the Industrial Court are too indefinite and uncertain for judicial interpretation, this Court, on review, will vacate the order for further proceedings. Reed v. City of Tulsa, Okl., 397 P. 2d 140; Leffler v. McPherson Bros. Transport, Okl., 396 P.2d 491; Wiles v. City of Stroud, Okl., 395 P.2d 404.

In keeping with our opinion in Gleason v. State Industrial Court, supra, the claimant was to have a hearing on whether he suffered a change of condition for the worse since the last order of June 11, 1959, arising from the accidental injury of November 1, 1957, or whether he had any permanent disability due to his lumbar pathology as a result of the November 1, 1957, injury.

██ The findings and conclusions made herein are too indefinite and uncertain for proper judicial interpretation. Therefore it is vacated and the cause remanded for further proceedings not inconsistent with the views expressed in Gleason v. State Industrial Court, supra, and also expressed in this opinion.

Order vacated.

HALLEY, C. J., and DAVISON, WILLIAMS, BERRY and HODGES, JJ., concur.

BLACKBIRD, IRWIN and LAVENDER, JJ., dissent.

The Court acknowledges the aid of the Supernumerary Judge, JOHN A. BRETT, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.